1

2

3

4

5

6

7

FILED

13 OCT 15  PM 1: 05

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

8

9

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  COLLEGE TERRACE, | CASE NO. 13-CV-2430 BEN (WMc) |
| 12                                     Plaintiff, | **ORDER REMANDING** |
| 13         vs. | **ACTION TO STATE COURT** |
| | **FOR LACK OF SUBJECT** |
| 14  SARAH M. GUZMAN and DOES 1 to X, Inclusive, | **MATTER JURISDICTION** |
| 15                                     Defendants. | |

16   This action is an unlawful detainer action initially filed in the Superior Court of

17   California, County of San Diego.  The Complaint, dated September 16, 2013, alleges

18   that Plaintiff College Terrace has title to real property located at 5844 Ascot St. #1 and

19   at 5815 Ascot St. Garage #3, San Diego.  Plaintiff alleges it served Defendant Sarah

20   Guzman with written notice to pay rent or quit the property on September 6, 2013.

21   Plaintiff seeks past-due rent in the amount of $1,245, reasonable attorney's fees,

22   forfeiture of the rental agreement, and damages at the rate of $41.50 per day from

23   October 1, 2013 for each day that Defendant remains in possession of the property

24   through entry of judgment.  Defendant was served with the summons on September 18,

25   2013.  On October 9, 2013, Defendant removed the action to this Court.

26   Congress has authorized a defendant to remove a civil action from state court to

27   federal court. 28 U.S.C. § 1441.  However, the removing party "always has the burden

28   of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th

1 | Cir. 1992). The district court must remand any case previously removed from a state
2 | court "if at any time before final judgment it appears that the district court lacks subject
3 | matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption
4 | against removal jurisdiction; doubts as to whether the federal court has subject matter
5 | jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d
6 | 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must
7 | be rejected if there is any doubt as to the right of removal in the first instance."). A
8 | defense based on federal law is not sufficient to remove an action to federal court.
9 | *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense
10 | based on federal law . . . nor one based on federal preemption . . . renders an action
11 | brought in state court removable.").

12 | This Court does not have subject matter jurisdiction over the present action.
13 | Because the Complaint does not allege violation of any federal law, this Court does not
14 | have federal question jurisdiction. *See* 28 U.S.C. 1331 ("The district courts shall have
15 | original jurisdiction of all civil actions arising under the Constitution, laws, or treaties
16 | of the United States."). In addition, because the Complaint seeks less than $10,000 in
17 | damages, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a)
18 | ("The district courts shall have original jurisdiction of all civil actions where the matter
19 | in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and
20 | is between—(1) citizens of different States.").

21 | This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS**
22 | this action to the Superior Court of California, County of San Diego.

23 | **IT IS SO ORDERED.**
24 |
25 |
26 | DATED: October ⁄5, 2013
HON. ROGER T. BENITEZ
United States District Court Judge
27 |
28 |